[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
Based upon the defendants' representations contained in their objection dated March 6, 1998 (#180), the court sustains that objection and denies the plaintiff's motion for default dated March 2, 1998 (#179).
If the plaintiff claims that the defendants' objections to interrogatories and production requests should be heard, or that there are "non-objected to" items still not complied with, an appropriate motion on the short calendar would be entertained provided the provisions of P.B. §§ 13-8(b) and 13-10 (c) are complied with. If such a motion is made, the court suggests that oral argument be had thereon; the court must be supplied with all information concerning which specific interrogatories and production requests remain unresolved, including which are still objected to and which are claimed not fully complied with.
Plaintiff's "motion to restore to the docket" dated March 10, 1998 (#181) is denied. A "nunc pro tunc" motion is an improper one, and further, the court's ruling on motion #179 and the objection thereto (#180) gives the plaintiff all the relief to which she is entitled at this time.
So Ordered.
D'ANDREA, J.